UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NEB MORROW, III,

    Plaintiff,

v.                                                   17-CV-1109 (JLS) (LGF)

GOV. ANDREW CUOMO,
COMMISSIONER ANTHONY
ANNUCCI, STEPHEN MAHER,
BARBARA OST, SUPERINTENDENT
JOSEPH H. NOETH, R. COVENY,
BLACKBURN, BRIAN HEMBROOK,
JOEY CLINTON, COUNSELOR L.
ELEY, JANE/JOHN DOE,
JANE/JOHN DOE, DANIEL
MARTUSCELLO, C.O. HALL,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Neb Morrow, III filed an amended complaint in this action, alleging that Defendants Stephen Maher, Barbara Ost, Superintendent Joseph H. Noeth, R. Coveny, Brian Hembrook, and Joey Clinton violated his First Amendment rights when Morrow was terminated from the position he held in the law library of Attica Correctional Facility as a result of his complaints about lack of access to the law library.[1] Dkt. 17.

---

[1] At various points in this action, Morrow alleged additional claims against additional defendants. The district judge previously assigned to this case, Hon. Lawrence J. Vilardo, dismissed all claims and defendants other than those specifically mentioned in this decision and order. See Dkt. 13; Dkt. 18. The Report and Recommendation deals only with Morrow's remaining claim against the remaining Defendants.

Defendants[2] moved to dismiss the amended complaint. Dkt. 26; Dkt. 29. Morrow opposed Defendants' motion. Dkt. 28. Defendants submitted a declaration attaching two documents. Dkt. 31. And Morrow filed a sur-reply. Dkt. 35. Judge Vilardo referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 30.

On May 24, 2021, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court:[3] (1) grant Defendants' motion to dismiss on two, separate grounds; and (2) dismiss Morrow's amended complaint without prejudice and with leave to amend. Dkt. 36. In particular, Judge Foschio recommended granting Defendants' motion as to all Defendants because Morrow did not sufficiently allege an adverse action, as required to state a First Amendment retaliation claim. *See id.* at 10-14. He also recommended granting Defendants' motion as to all Defendants except Hembrook because Morrow did not sufficiently allege the personal involvement of those Defendants. *See id.* at 15-21.

Morrow objected to the R&R. Dkt. 39. He argues that the R&R incorrectly concluded that:

- Morrow "had not been approved for the law clerk's assignment" (*id.* at 1-4);

---

[2] On November 19, 2019, Defendants amended their motion to dismiss to reflect that their motion applied to all remaining Defendants—including Hembrook—but did not add to or change their substantive arguments. *Compare* Dkt. 29, *with* Dkt. 26.

[3] The Clerk of Court reassigned this case to the undersigned on January 6, 2020. Dkt. 34.

- Defendant Blackburn was not aware of Morrow's termination until after it occurred (*id.* at 4-5); and

- Defendants Blackburn, Noeth, Ost, Clinton, and Coveny were not personally involved in the alleged violation of Morrow's First Amendment rights (*id.* at 4-9).

Defendants responded in opposition to Morrow's objections. Dkt. 42. Morrow then replied. Dkt. 45.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review—and construing Morrow's pleadings liberally based on his *pro se* status[4]—the Court accepts and adopts Judge Foschio's recommendation to grant Defendants' motion to dismiss, to the extent that it recommends dismissal based on Morrow's failure to sufficiently allege an adverse action, as required to state a First Amendment retaliation claim. Whether any second amended complaint satisfies the

---

[4] Specifically, the Court "construe[d Morrow's] pleadings liberally and interpret[ed] them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). But Morrow's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

standard in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), with respect to any Defendant's personal involvement is an issue that Judge Foschio can address, if necessary, on any future dispositive motion.

The Court also accepts and adopts Judge Foschio's recommendation to grant Morrow leave to amend. *See* Dkt. 36, at 21. The Court recognizes that Morrow claims he "provided the [necessary] additional facts in his objection." *See* Dkt. 45, at 6-7. But objections to an R&R do not constitute an amended complaint. Morrow must submit a second amended complaint consistent with the R&R and this decision and order if he wishes to proceed.

Morrow is advised that an amended complaint ***completely replaces*** the prior complaint in this case and, thus, "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any second amended complaint must include all of the allegations against each Defendant, so the second amended complaint may stand alone as the only complaint Defendants must answer. If Morrow does not file a second amended complaint as directed, the amended complaint will be dismissed *with prejudice*.

## CONCLUSION

For the reasons stated above and in the R&R, the Court **accepts and adopts, in part, the R&R** (Dkt. 36), and **grants Defendants' motion to dismiss** (Dkt. 26; Dkt. 29), without prejudice. Morrow is granted leave to file a second amended

4

complaint, consistent with the R&R and this decision and order, by **January 27, 2022**.

If Morrow does not file a second amended complaint as directed, the Clerk of Court shall close this case as dismissed with prejudice without further order. If the amended complaint is dismissed because Morrow does not file a second amended complaint by **January 27, 2022**, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court shall send to Morrow a copy of the amended complaint (Dkt. 17), a blank § 1983 complaint form, and the instructions for preparing an amended complaint, with this decision and order.

SO ORDERED.

Dated:     December 28, 2021
           Buffalo, New York

                                         _____
                                         JOHN L. SINATRA, JR.
                                         UNITED STATES DISTRICT JUDGE